UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL LYNN MERRIVAL, JR.,<br><br>            Plaintiff,<br><br>   vs.<br><br>STATE OF SOUTH DAKOTA;<br>LARA ROETZEL, Deputy States Attorney;<br>PENNINGTON COUNTY JAIL; and<br>CAPTAIN HAGA, Pennington County Jail Captain,<br><br>            Defendants. | CIV. 15-5023-JLV<br><br><br>ORDER |

On March 30, 2015, plaintiff Michael Merrival, Jr., an inmate at the Pennington County Jail in Rapid City, South Dakota, filed a complaint against the defendants using a Civil Rights Complaint By A Prisoner form. (Docket 1). Mr. Merrival also moves for leave to proceed *in forma pauperis* and submitted a current copy of his prisoner trust account report. (Dockets 2 & 3). On April 7, 2015, Mr. Merrival filed a motion for appointment of counsel with a supporting affidavit. (Dockets 5 & 8). On April 13, 2015, Mr. Merrival filed a motion for expedited consideration under 28 U.S.C. § 1657[1] and a motion asking for a preliminary injunction. (Dockets 9 & 10). On the same day, the Clerk of Court received a letter from Mr. Merrival which was mailed the day after the motion for a preliminary injunction had been mailed. (Docket 11). The letter advised the court that Mr. Merrival was granted a medical release from custody to address

---

[1] Section 1657 requires the district court to give priority consideration to "any action for . . . preliminary injunctive relief . . . ." 28 U.S.C. § 1657.

the health issues which were the subject of the preliminary injunction motion. Compare Dockets 10 & 11. On April 30, 2015, the Clerk of Court staff confirmed Mr. Merrival was no longer an inmate at the Pennington County Jail but was living at a residential address in Rapid City, South Dakota.[2]

Section 1915(a)(1) of Title 28 of the United States Code directs the court to authorize the commencement of a civil action without prepayment of fees upon proof of plaintiff's inability to pay. 28 U.S.C. § 1915(a)(1). The court finds Mr. Merrival is indigent within the meaning of § 1915(a)(1).

Proceeding *in forma pauperis* is governed by § 1915. That statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Subsection (e)(2) allows the court *sua sponte* to review a complaint filed with an *in forma pauperis* application to determine if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief. Thus, the court is required to screen a *pro se* complaint as soon as practicable and to dismiss those

---

[2]On May 12, 2015, the court's staff reviewed the Pennington County Jail website and reconfirmed that Mr. Merrival is not listed as a current inmate at the jail. See http://www.pennco.org.

which are frivolous or fail to state a claim for relief.  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [the] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a complaint under § 1915(e)(2)(B)(i) and § 1915A(b)(1) as frivolous as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Id. at 327.

Because Mr. Merrival is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation mitted).  "[P]ro se complaints are to be construed liberally . . . ."  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (referencing Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Under Section A. Jurisdiction for the complaint, Mr. Merrival checked the box asserting jurisdiction under 1(a) 28 U.S.C. § 1343(a)(3) or 42 U.S.C. § 1983. (Docket 1 at p. 1(A)(1)(a)).  For the following analysis, the court presumes Mr. Merrival intended to bring this action under § 1983.

Mr. Merrival's complaint contains three separate counts.  Count I alleges a violation of his "right to due process of law; right to equal protection of law; right to fair trial; right to life, liberty [and] property; right to be free from excessive bail."  Id. at p. 4.  Mr. Merrival alleges Ms. Roetzel as the Chief Deputy States Attorney objected to him being released on bond to attend to his medical needs.  Id.  Mr. Merrival further alleges Captain Haga of the Pennington County Sheriff's Office directed her staff to refuse him medical service.  Id.  Mr. Merrival claims that because of the lack of proper medical care his condition worsened and he now suffers from "depression, anxiety, and possible psychopathy."  Id.

Count II alleges that Mr. Merrival's rights of due process were violated.  Id. at p. 5.  During the course of his criminal prosecution, Mr. Merrival alleges Chief Deputy States Attorney Roetzel suborned perjury.  Id. at p. 5.  Mr. Merrival claims his "criminal proceedings continue with dishonest false statements and dishonesty with biasness and conflicts of interests."  Id.

Count III alleges Mr. Merrival's rights to a fair trial were violated.  Id. at p. 6.  Mr. Merrival claims he is proceeding *pro se* in the criminal case and the defendants denied him access to "unmonitored phone privileges," and denied his right to subpoena witnesses to appear and testify at the trial.  Id.  Mr. Merrival claims his right to "a fair trial is damaged."  Id.

In the request for relief section of the complaint, Mr. Merrival seeks dismissal of the indictment, dismissal of his three delinquent child support cases

and payment of money damages by the State of South Dakota.  Id. at p. 8.  Mr. Merrival claims money damages for past, present and future incarceration the State of South Dakota is trying to impose on him.  Id.

A claim under § 1983 requires a plaintiff to allege and prove the defendants were acting under color of state law in depriving the plaintiff of a right secured by the Constitution of the United States.  "Every person who, under color of any statute [or] regulation . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."  42 U.S.C. § 1983.  Section 1983 does not confer subject matter jurisdiction.  The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law.  42 U.S.C. § 1983.

The distinction between individual and official capacity suits is important.  The former seeks "to impose personal liability upon an official for actions taken under color of state law."  Johnson v. Board of Police Commissioners, 370 F. Supp. 2d 892, 897 (E.D. Mo. 2005) (discussing § 1983 actions).  The latter does "not seek to impose liability on the defendant personally, but instead seek[s] to hold liable the entity of which the officer is an agent. . . . [A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity."  Id. at 897-98.  The court finds the doctrine of sovereign immunity bars Mr.

Merrival's claims against the individual defendants in their official capacities, as well as the claims against the State of South Dakota and the Pennington County Jail, which is by law a claim against Pennington County.

Absolute immunity shields prosecutors from civil liability "for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the [government's] case, and other conduct that is intimately associated with the judicial process." Anderson v. Larson, 327 F.3d 762, 768 (8th Cir. 2003). The court must look to the nature of the function performed, not the identity of the actor, to determine if the action is prosecutorial.[3]  Id.  The court finds Ms. Roetzel is entitled to absolute immunity for claims arising out of her prosecution of Mr. Merrival. The allegations against Ms. Roetzel clearly involve her role "as advocate for the [government], rather than [her] role as administrator or investigative officer." Burns v. Reed, 500 U.S. 478, 491 (1991) (internal quotation marks omitted). This absolute immunity is not defeated by allegations of malice or corruption. See id. at 489-90 (noting prosecutors are "absolutely immune from damages liability . . . for making false or defamatory statements in judicial proceedings (so long as the statements [are]

---

[3]In contrast, a prosecutor is entitled only to qualified immunity for functions performed in an investigatory or administrative capacity. Anderson, 327 F.3d at 768. This distinction is important from a procedural standpoint. See Imbler v. Pachtman, 424 U.S. 409, 419, n.13 (1976) ("An absolute immunity defeats suit at the outset, so long as the official's actions were within the scope of the immunity. The fate of an official with qualified immunity depends upon circumstances and motivations of his actions, as established by the evidence at trial.").

related to the proceeding), and also for eliciting false and defamatory testimony from witnesses").

Defendant Haga, who is or may be considered a state actor, is the only individual against whom Mr. Merrival can pursue a § 1983 claim.  "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind."  Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citations omitted). "In a deprivation of medical care case, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs."  Id. (citing Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995)).  "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.' "[4]  Coleman, 114 F.3d at 784 (quoting Camberos, 73 F.3d at 176)). "The determination whether a medical need is sufficiently obvious" requires an analysis of "[t]he prison officials' background knowledge."  Jones v. Minn. Dep't of Corr., 512 F.3d 478, 482 (8th Cir. 2008). "When an inmate alleges that a delay

---

[4]The United States Court of Appeals for the Eighth Circuit determined the following circumstances exhibit a serious medical condition: a pregnant inmate who is bleeding and passing blood clots, see Pool v. Sebastian Cnty., Ark., 418 F.3d 934, 945 (8th Cir. 2005); an inmate who is complaining of extreme tooth pain and presenting with swollen, bleeding gums, see Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004); and a diabetic inmate who is experiencing excessive urination, diarrhea, sweating, weight loss, and dehydration, see Roberson v. Bradshaw, 198 F.3d 645, 647-48 (8th Cir. 1999); Jones v. Minn. Dep't of Corr., 512 F.3d 478, 482 (8th Cir. 2008).

in medical treatment constituted a constitutional deprivation, 'the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment.' " Coleman, 114 F.3d at 784 (quoting Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)).

To establish deliberate indifference, an inmate must demonstrate a prison official knew the "inmate face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." Coleman, 114 F.3d at 785 (citing Farmer v. Brennen, 511 U.S. 825, 847 (1994)). " '[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge.' " Id. (citing Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)). Mr. Merrival alleges the existence of a serious medical need.[5] What is unclear at this juncture is whether Captain Haga was deliberately indifferent to Mr. Merrival's medical needs. While the complaint is not well drafted, at this point the court cannot say the complaint, as it relates to count I, is wholly without merit.

The focus of counts II and III of the complaint are directed at Mr. Merrival's criminal prosecution. In Wallace v. Kato, the Supreme Court held:

---

[5] Because a "serious medical need" includes " 'one that has been diagnosed by a physician as requiring treatment,' " the court finds Mr. Merrival's medically prescribed colonoscopy constitutes a serious medical need. Coleman, 114 F.3d at 784 (quoting Camberos, 73 F.3d at 176)).

8

> If a plaintiff files a false-arrest claim before he has been convicted (or *files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial*), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. 384, 393-94 (2007) (emphasis added).  Based on these facts, the court finds it appropriate to stay counts II and III of the civil action until the criminal case is resolved.  "If [Mr. Merrival] is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck[6] will require dismissal; otherwise; the civil action will proceed, absent some other bar to suit."  Wallace, 549 U.S. at 394.

Mr. Merrival filed a motion for appointment of counsel.  (Docket 5).  Appointment of counsel is premature.  Mr. Merrival is at liberty and able to seek the assistance of counsel to represent him in this case.

Mr. Merrrival also filed a motion for a preliminary injunction.  (Docket 10).  He sought injunctive relief to require the Pennington County Jail to permit him to obtain medical care from the Indian Health Service at the Soo San Hospital in Rapid City, South Dakota.  (Docket 10).  According to Mr. Merrival's letter of April 9, 2015, he was granted a personal recognizance bond permitting him to attend to his medical needs.  (Docket 11).  The court finds there is no basis for issuance of a preliminary injunction.

---

[6]Heck v, Humphrey, 512 U.S. 477 (1994).

9

Accordingly, it is

ORDERED that Mr. Merrival's motion for leave to proceed without prepayment of fees (Docket 2) is granted.  Mr. Merrival shall be permitted to prosecute this action to its conclusion without prepayment of costs or fees.  Any recovery in this action by Mr. Merrival shall be subject to the repayment of costs and fees, including service of process fees and the $350 filing fee.

IT IS FURTHER ORDERED that the complaint, as it relates to the State of South Dakota, Ms. Roetzel and the Pennington County Jail, is dismissed with prejudice.

IT IS FURTHER ORDERED that Mr. Merrival shall be permitted to proceed with count I, alleging an Eighth Amendment claim, against defendant Haga. Mr. Merrival shall complete and send to the Clerk of Court a summons and a USM-285 form for defendant Haga.  Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue a summons for the defendant. If the completed summons and USM-285 form are not submitted by Mr. Merrival as directed, the complaint may be dismissed.  The United States Marshal shall serve the completed summons with a copy of the complaint and this order upon the defendant.  The United States will advance the costs of service.

IT IS FURTHER ORDERED that Mr. Merrival shall serve upon the defendant or, if appearance has been entered by counsel, upon her attorney, a copy of every further pleading or other document submitted for consideration by the court.  He shall include with the original paper to be filed with the Clerk of

Court a certificate stating the date a true and correct copy of any document was mailed to the defendant or her counsel.   Any paper received by the court which has not been filed with the Clerk of Court or which fails to include a certificate of service will be disregarded by the court.

    IT IS FURTHER ORDERED that Mr. Merrival's motion for appointment of counsel (Docket 5) is denied as premature.

    IT IS FURTHER ORDERED that Mr. Merrival's motion for expedited consideration (Docket 9) is denied as moot.

    IT IS FURTHER ORDERED that Mr. Merrival's motion for a preliminary injunction (Docket 10) is denied.

    IT IS FURTHER ORDERED that counts II and III of the complaint shall be stayed pending the completion of the state court criminal prosecution of Mr. Merrival.

    Dated June 9, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE