UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHEAL LYNN MERRIVAL, JR.,<br><br>           Plaintiff,<br><br>  vs.<br><br>CAPTAIN HAGA, Pennington County Jail Captain,<br><br>           Defendant. | CIV. 15-5023-JLV<br><br>ORDER OF DISMISSAL |

      Plaintiff Micheal Merrival, Jr., an inmate at the Pennington County Jail in Rapid City, South Dakota, filed a complaint under 42 U.S.C. § 1983 against the defendant Captain Haga. (Docket 1). Id. Mr. Merrival alleges Captain Haga directed her staff to refuse him medical service. Id. at p. 4. Mr. Merrival claims that because of the lack of proper medical care his condition worsened and he now suffers from "depression, anxiety, and possible psychopathy." Id.

      On May 17, 2016, the court granted defendant's motion pursuant to Fed. R. Civ. P. 30(a)(2)(B) to take the deposition of Mr. Merrival, who was then incarcerated at the South Dakota State Penitentiary. (Docket 54). The order directed defendant to coordinate a date and time for the deposition with the prison officials. Id. On September 6, 2016, the court entered an order denying Mr. Merrival's third request for appointment of counsel. (Docket 60 at p. 2). In the order the court concluded "it is clear . . . that Mr. Merrival is unwilling to work with any attorney or to accept their advice as to how to proceed with his claim." Id. at pp. 1-2 (references omitted). The order advised Mr. Merrival "that

a district court has discretion to dismiss an action under Fed. R. Civ. P. 41(b) for a plaintiff's failure to prosecute, or to comply with Federal Rules of Civil Procedure or any court order." Id. at p. 3 (brackets omitted). Mr. Merrival was returned to the Pennington County Jail on October 12, 2016. (Docket 62).

Defendant served a notice of deposition on plaintiff dated October 19, 2016. (Docket 67-7). The notice set Mr. Merrival's deposition for October 27, 2016, at the Pennington County Jail. Id. at p. 1. On that date, defense counsel, together with a court reporter, set up for the deposition in the programs room of the jail pod where Mr. Merrival was incarcerated. (Docket 66 at p. 2). Mr. Merrival refused to leave his jail cell and passed a note through a third party to defense counsel. The note advised defense counsel that Mr. Merrival was "incompetent to show for this hearing without counsel for I am mentally unstable being on two forms of psyche [sic] medication given by the Pennington County Jail, of mental health. I am not appearing until I have counsel to represent me when I'm in the right state of mind." (Docket 67-8). Defendant filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 37 for his intentional refusal to attend his deposition. (Docket 65).

On November 1, 2016, Mr. Merrival filed a fourth motion for appointment of counsel. (Docket 63). In this motion Mr. Merrival asserted he was "currently unable to act 'pro se' for my mental stability is incompetent from psychotropic medication. I will like to proceed with counsel for my state of mind is hindered. Please order an appointed counsel to represent me as I believe this will be

fundamentally fair under my fair trial rights." Id. at p. 1. In a supplemental filing in support of the motion, Mr. Merrival claims the two attorneys previously appointed to represent him were ineffective as they were trying "to allow the defense to try and establish a weak ground to file a motion to dismiss." (Docket 68 at p. 2). Mr. Merrival asked the court to now appoint "counsel to file a counter motion against the defendant or to counsel my party to professionally filing an appeal or habeas corpus of ineffective assistance of counsel." Id.

On January 5, 2017, the court denied the fourth motion for appointment of counsel. (Docket 79). The order required Mr. Merrival to file a response to the defendant's motion to dismiss by January 27, 2017. Id. at p. 2. The order again reminded Mr. Merrival of the court's authority to dismiss a case under Fed. R. Civ. P. 41(b) for "plaintiff's failure to prosecute, or to comply with Federal Rules of Civil Procedure or any court order." Id.

On January 23, 2017, Mr. Merrival filed his response to defendant's motion to dismiss. (Docket 81). Attached to his response were 88 pages of the Clerk's index and a number of the pleadings and correspondence in this case and Mr. Merrival's state court proceedings. (Docket 81-1). In his response, Mr. Merrival cited the Holy Bible, 42 U.S.C. § 1983, 28 U.S.C. § 1915, he discussed the plight of his journey through the state criminal system and called this court a "kangaroo court." (Docket 81 at pp. 1-7). Mr. Merrival's response invoked a "work-product doctrine" to protect his case from disclosure to the defendant. Id. at pp. 8-28. Mr. Merrival asked the court to enter partial summary judgment

in his favor and enter an injunction against the defendant and her attorneys. Id. at p. 28.

Two days later, on January 25, Mr. Merrival filed a motion for non-dismissal of his case and to suppress defendant's motion to dismiss. (Docket 82). This motion was accompanied by a memorandum and affidavit from Mr. Merrival. (Dockets 83 & 84). In this submission, Mr. Merrival asserts his written declaration to defense counsel on October 27, 2016, was not a "note" but a statement in compliance with Fed. R. Civ. P. "26(a)(1)(A)(B)(iv)" and that this section prohibits his case from proceeding without an attorney. (Docket 83 at pp. 3-4). Mr. Merrival argues that by attempting to take his deposition while he is in *pro se* status, defendant "tried to vigorously violate the rules of 26 by obtaining immune tangible work-product from the pro se plaintiff." Id. at p. 4. He also claims defense counsel violated Fed. R. Civ. P. 11 by "aiming to violate Plaintiff's right to due process and disrespected the laws and rules of privilege and immunity." Id. at pp. 4-5.

While defendant's motion to dismiss was pending, Mr. Merrival filed other unrelated motions, including:

(1)     A motion to continue his case until he is released from incarceration. (Docket 72);

(2)     A motion to exercise Rule 26(f). (Docket 75);

(3)     A motion to expedite discovery. (Docket 76);

(4)     A motion for notice pursuant to D.S.D. Civ. LR 29.1. (Docket 85); and

>    (5) A motion for copies of all pleadings filed in the case. (Docket 86).

In none of Mr. Merrival's submissions does he acknowledge his obligation to comply with the court's order allowing his deposition to be taken or acknowledge defendant's right to take his deposition.

Mr. Merrival's response to the defendant's motion to dismiss and his motion for non-dismissal of his case provide no factual justification or legal basis for refusing to attend his deposition. It is clear from his responses and other motions that Mr. Merrival will never comply with the court's order permitting his deposition.

Prior orders cautioned Mr. Merrival that if he failed to comply with the court's orders, that dismissal of his complaint with prejudice may occur. (Dockets 60 & 79). Plaintiff's *pro se* status does not entitle him to disregard the Federal Rules of Civil Procedure. Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). *Pro se* litigants also must comply with court rules and directives. Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005). "A district court has discretion to dismiss an action under [Fed. R. Civ. P. 41(b)] for a plaintiff's failure to prosecute, or to comply with Federal Rules of Civil Procedure or any court order." Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 2008 WL 540172 at *1 (8th Cir. 2008); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (finding a district court may dismiss an action under Rule 41(b) on its own initiative and "without affording notice of its intention to do so or providing an adversary hearing before acting[,]"

and recognizing a district court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases[]"). The court finds dismissal of plaintiff's complaint is appropriate given his disregard of the rules and the court's orders. See Fed. R. Civ. P. 37(b)(2)(A)(iv) and 41(b).

The court next must determine whether the dismissal of plaintiff's complaint should be with or without prejudice. "Dismissal with prejudice is an extreme sanction and should be used in cases of willful disobedience of a court order or continued persistent failure to prosecute a complaint." Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984). Based on the procedural history of this case and plaintiff's failure to comply with the court's order, the court finds it appropriate to dismiss the complaint with prejudice.

Accordingly, pursuant to Rule 37(b)(2)(A)(iv) and Rule 41(b) and the court's inherent authority, it is

ORDERED defendant's motion to dismiss (Docket 65) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff's' motions (Dockets 72, 75, 76, 82, 85, 86, 104, 105, 108 & 111) are denied as moot.

Dated June 5, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE